# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DAN V. SHARP**                                                                                  **PETITIONER**

**v.**                                                                         **No. 3:19CV86-SA-JMV**

**UNITED STATES OF AMERICA**                                               **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Dan V. Sharp for a writ of *habeas corpus* under 28 U.S.C. § 2241. Having reviewed the petition, the court finds that it is without merit and will be dismissed with prejudice.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on habeas corpus appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar

as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about habeas corpus.

*Id.*

Relief under § 2241 is available to a prisoner in five situations, when:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

**Facts and Procedural Posture**

Dan V. Sharp was arrested on July 26, 2018, on charges of: (1) felon in possession of a firearm, (2) possession of controlled substance with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. *United States v. Dan V. Sharp*, 3:18CR102-GHD-RP, Doc. 10. At Mr. Sharp's July 26, 2018, initial appearance, the court issued an oral order granting the government's motion for detention. *Id.* After hearing testimony and receiving evidence at Mr. Sharp's July 31, 2018, preliminary hearing, the court granted the government's motion to detain Mr. Sharp pending trial, finding, "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community," and "[b]y a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." *Id*., Doc. 15. In support of this conclusion, the court cited (1) the strength of the evidence, (2) Sharp's criminal history, (3) his history of violence or use of weapons, (4) his history of alcohol or substance abuse, (5) his prior failures to appear in court as ordered, (6) his prior attempts to evade law enforcement, (7) the nature and circumstances of the alleged offense, and (8) the nature and seriousness of the danger he posed to others. *Id.* He was later indicted on 19 counts of various drug and firearms charges. *Id*., Doc. 16. Sharp's defense counsel moved [61] for a mental evaluation of his client, and the government did not object. *Id.*, Doc. 61.

**Mr. Sharp's Claims**

As relief, Mr. Sharp seeks to be released from detention prior to trial. In the alternative, he would like to be released with conditions, such as some form of house arrest. He has set forth the following 12 grounds for relief in the instant petition:

(1) Errors at the preliminary hearing;

(2) Selective prosecution;

(3) Improper inclusion of prior arrests in the indictment;

(4) Violation of his right to a speedy trial;

(5) Counsel was unprepared to rebut the government's arguments in favor of detention;

(6) Defendant does not present a significant flight risk;

(7) The drug amounts in question would support only a charge of personal use, not a charge of possession with intent to distribute;

(8) Defense counsel did not present available evidence to support the defense motion to suppress evidence regarding the February 14, 2018, offenses;

(9) Defense counsel did not present available evidence to support the defense motion to suppress evidence regarding the April 19, 2018, offenses;

(10) The weight of evidence against the defendant is weak;

(11) The government has failed to disclose exculpatory evidence;

(12) The defendant is being held in violation of the Bail Reform Act, as the delays before trial have hampered his defense.

**Discussion**

The instant petition must be dismissed. The appropriate remedies for Mr. Sharp's claims are found, not in the law of *habeas corpus*, but under criminal law and procedure. Absent special circumstances, federal pretrial detainees should not file civil § 2241 actions to challenge their detention because other remedies are available to them from within their criminal cases. *See Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 245 (3$^d$ Cir. 2018). Indeed, a federal pretrial detainee's

request for release should "only be considered under the Bail Reform Act and not under a § 2241 petition for habeas relief." *Id*.

The Supreme Court established more than a century ago that defendants should pursue the remedies available within the criminal action, rather than through the extraordinary remedy of *habeas corpus*. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391, 38 S.Ct. 166, 62 L.Ed. 358 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and *habeas corpus* should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 551, 26 S.Ct. 147, 50 L.Ed. 303 (1905) (vacating order granting *habeas corpus* relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and, if necessary, appeal). Modern courts continue to follow this rule. *See Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (adopting "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial").

The Fifth Circuit follows this rule, as well. *See Fassler v. United States*, 858 F.2d 1016, 1017-19 (5th Cir. 1988) (per curiam). In that case, the Fifth Circuit affirmed the district court's denial of Lawrence Allen Fassler's § 2241 petition, while providing some "cautionary notes to courts and detainees alike concerning their responsibilities under the Bail Reform Act." *Fassler*, 858 F.2d at 1017. The Fifth Circuit cautiously avoided holding that § 3145 of the Bail Reform Act provides the exclusive remedy for a person under indictment to challenge his pretrial detention. *Id*. However, "the terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals … should ordinarily provide strong incentive for defendants to employ Section 3145 appeals." *Id*. The government in *Fassler* moved for the court to find that Mr. Fassler had abused the writ by

seeking § 2241 relief, rather than proceeding through the expedited appeal process in the Bail Reform Act. *Id.* The Fifth Circuit denied that motion due to the novelty of the issue at the time (1988) – and the fact that Fassler's arguments "were not wholly without merit." *Id.* The court made clear, however, that "[s]imilar indulgences will not be afforded criminal defendants in the future." *Id.* This is because proceeding through *habeas corpus*, rather through the normal channels of criminal procedure will "result in duplication of effort by the courts and government with no obvious benefit to be gained by the defendant." *Id.* The Fifth Circuit has reaffirmed this ruling in more recent cases. *See, e.g., Williamson v. Driver*, 386 F. App'x 491 (5th Cir. 2010) (holding that § 2241 was not the proper vehicle for claims regarding federal pretrial detention).

Thus, under the controlling law, Mr. Sharp has used the wrong vehicle to challenge the validity and nature of his pretrial detention. *Fassler, supra.* If he wishes to initiate such a challenge, then he must do so within his criminal proceeding. As such, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 will be dismissed with prejudice.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 16th day of July, 2019.

    /s/ Sharion Aycock
    U. S. DISTRICT JUDGE