**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

DAN V. SHARP                                                                                   PETITIONER

v.                                                                                   No. 3:19CV86-SA-JMV

UNITED STATES OF AMERICA                                                         RESPONDENT

**ORDER DENYING PETITIONER'S MOTION**
**TO ALTER OR AMEND JUDGMENT**

This matter comes before the court on the petitioner's motion for reconsideration [9] of the court's final judgment dismissing the instant petition for a writ of *habeas corpus* filed under 28 U.S.C. § 2241. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e). An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The deadline for seeking relief under Rule 59(e) is 28 days from entry of judgment.

Our sister court in the Southern District of Mississippi has made clear that "[w]hatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon Le Tourneau Co.,* 130 F.R.D. 625, 626 (S.D. Miss. 1990) (citations omitted); *Brown v. Mississippi Co-op Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004) (citing *Atkins* with approval). The *Atkins* court further cautioned that any litigant who brings a motion to reconsider based on the need to correct a clear error of law or manifest injustice should "evaluate whether what may seem to be a clear

error of law is in fact simply a point of disagreement between the Court and the litigant." *Id.* Rule 59 may not be used merely to re-urge an argument. *See*, *e.g.*, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (citation omitted).

In the present motion, the petitioner merely re-urges arguments the court previously rejected or offers arguments he could have made in his petition. He has not presented any justification that would warrant altering or amending the judgment in the present case; instead, he merely disagrees with the court's rulings. For these reasons, the petitioner is not entitled to the relief he seeks in the instant motion. He has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, his request to alter or amend judgment is **DENIED.** In addition, as Mr. Sharp's trial has already taken place, the instant petition seeking release from pretrial detention is also **DISMISSED** as moot.

**SO ORDERED**, this, the 26th day of March, 2020.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE